U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DEC 04 2019

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00044-JL |
| | ) | |
| DAVID WEEKLY | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Scott W. Murray, United States Attorney for the District of New Hampshire, and the defendant, David Weekly, and the defendant's attorney, Theodore Lothstein, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and The Offense</u>.

The defendant agrees to plead guilty to Count One of the Superseding Indictment that charges him with Possession of a Firearm and Ammunition by a Convicted Felon in violation of Title, 18 United States Code, section 922(g)(1).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2. <u>The Statute and Elements of the Offense</u>.

Title 18, United States Code, Section 922(g) provides, in pertinent part:

It shall be unlawful for any person-

(1) who has been convicted in any court, of, a crime punishable by imprisonment for a term exceeding one year; to ...possess in or affecting commerce, any firearm or ammunition; 18 U.S.C. § 922(g)(1).

- 1 -

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that defendant has been and knows that he has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

Second, that the defendant knowingly possessed the firearm and ammunition described in the superseding indictment;

Third, that the firearm and ammunition, at any time after they were manufactured, moved from one state to another or from a foreign country into the United States.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit*, Instruction 4.18.922(g), Internet Ed. (D. Me. June 21, 2019).

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

On January 2, 2019, at 1:10 a.m., a Manchester, New Hampshire, police officer stopped a car for a motor vehicle violation - not having its lights on when required.   The officer approached the vehicle and recognized the driver as the defendant, David Weekly, whom he knew through previous contacts.

While at the driver's side window, the officer noted a strong smell of freshly burnt marijuana.   The officer also noted that the defendant appeared nervous and that he had a bulge in the area of his waistband, which the officer believed to be a gun.    The officer called for back-up.

- 2 -

T L

The officer questioned the defendant about the odor and the defendant stated that during the previous night he had smoked marijuana in the car.   The officer asked if there was anything illegal in the car and the defendant stated, "No."   He officer asked permission to search the car and the defendant said declined.   The defendant admitted that there was some marijuana on the floor and noted that the back-up officer, who had arrived, would see it.   The initial officer observed several small pieces of green vegetative matter strewn throughout the passenger side floorboard.   He also observed a package of rolling papers on the floorboard. (The vehicle appeared to be a brand new and it was spotless except for the marijuana on the floorboard.)

The initial officer explained to the defendant that because of the bulge in his waistband and his furtive movements when he was stopped, the officer wanted the defendant to exit the car so he could pat him down.   The defendant initially stated that he was not getting out of the car. The initial officer explained to the defendant that he was going to seize the car and apply for a warrant because of the marijuana in plain view.   The defendant said ok, and put his hands up. As soon as the defendant stood up, he stated, "I have a gun in my waist."   The initial officer lifted the defendant's shirt and observed a Glock, 9 mm pistol bearing serial number BGTF426.

 The initial officer removed the firearm and noted that it did not have a magazine inserted but had one round in the chamber.   As the initial officer handcuffed the defendant, he yelled, "Fuck."

The initial officer checked with dispatch and learned that on August 23, 2018, the firearm was reported stolen in Manchester.   The initial officer placed the defendant under arrest and conducted a search incident to arrest.   While doing this, the defendant stated that he had, "a little weed in my pocket too."

- 3 -

TL

The initial officer recovered a fully loaded extended 31 round magazine from the defendant's front right sweatpants pocket, two baggies of a green vegetative matter which subsequently tested positive for 4.93 grams of marijuana in his right sweatpants zipper pocket, and one baggie of a brown leafy substance which failed to document the presence of any controlled drug.   The defendant also had cash in several pockets which totaled $1592.00.

The car was towed and a search warrant was executed on the car.   The police recovered green vegetative matter and rolling papers from the passenger's side floorboard, a baggie of green vegetative matter from the center console and a $20.00 and a $10.00 bill from the center console.

On February 12, 2015,   the defendant was convicted in Hillsborough County Superior Court – Southern Judicial District of Criminal Liability to Attempted First Degree Assault, Docket No.: 226-2014-CR-00610-977295C and Reckless Conduct, Docket No.: 226-2014-CR-00610- 1011530C. Both crimes are punishable by more than one year imprisonment.

A special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearm and ammunition were not manufactured in the State of New Hampshire, and therefore have traveled through interstate commerce.

4.   Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.    A maximum prison term of 10 years (18 U.S.C. § 924(a)(2));

B.    A maximum fine of $250,000 (18 U.S.C. § 3571);

C.    A term of supervised release of not more than 3 years (18 U.S.C. § 3583(b)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison

- 4 -

all or part of the term of supervised release, with no credit for time already
spent on supervised release; and

D.     A mandatory special assessment of $100, at or before the time of sentencing (18
U.S.C. § 3013(a)(2)(A)).

In addition to the other penalties provided by law, the Court may order him to pay

restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

5.   Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case

and that the Court is required to consider the United States Sentencing Guidelines as advisory

guidelines. The defendant further understands that he has no right to withdraw from this Plea

Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation

Office shall:

A.     Advise the Court of any additional, relevant facts that are presently known
or may subsequently come to their attention;

B.     Respond to questions from the Court;

C.     Correct any inaccuracies in the pre-sentence report;

D.     Respond to any statements made by him or his counsel to a probation
officer or to the Court.

The defendant understands that the United States and the Probation Office may address

the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable

sentencing range under the advisory Sentencing Guidelines that he may have received from any

source is only a prediction and not a promise as to the actual sentencing range under the advisory

- 5 -

TL

Sentencing Guidelines that the Court will adopt.

      6. <u>Sentencing Stipulations and Agreements</u>.

      Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

          (a)     46 months' imprisonment is an appropriate disposition of this case;

      The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

      The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

      7.  <u>Acceptance of Responsibility</u>.

      The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

      A.     Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

      B.     Challenges the United States' offer of proof at any time after the plea is entered;

- 6 -

C.  Denies involvement in the offense;

D.  Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.  Fails to give complete and accurate information about his financial status to the Probation Office;

F.  Obstructs or attempts to obstruct justice, prior to sentencing;

G.  Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.  Fails to appear in court as required;

I.  After signing this Plea Agreement, engages in additional criminal conduct; or

J.  Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.  <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.   The defendant also understands that he has the right:

A.      To plead not guilty or to maintain that plea if it has already been made;

B.      To be tried by a jury and, at that trial, to the assistance of counsel;

C.      To confront and cross-examine witnesses;

D.      Not to be compelled to provide testimony that may incriminate him; and

E.      To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.  <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that he:

A.      Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.      Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.      Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

- 8 -

D.     Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.     Is completely satisfied with the representation and advice received from his undersigned attorney.

10.     Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.     Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C.§ 924(d) and 28 U.S.C. § 2461(c), as a result of his guilty plea, including, but not limited to 32 rounds of 9mm ammunition.

The defendant agrees and consents to the forfeiture of his interest in this asset pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit this asset. The forfeiture set forth in this section shall not be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeiture be used to offset the defendant=s tax liability or any other debt owed by the defendant

- 9 -

to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment.   The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant waives and releases any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not.   The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the property to be forfeited under this section is subject to forfeiture as property facilitating or involved in illegal conduct.

- 10 -

12.  Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

13.  Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms

- 11 -

the basis of the superseding indictment in this case. The defendant understands that if, before

sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal

activity, or fails to appear for sentencing, the United States may consider such conduct to be a

breach of the Plea Agreement and may withdraw therefrom.

14.  Waivers.

A.  Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or

sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and

voluntarily waives his right to challenge on direct appeal:

1.  His guilty plea and any other aspect of his conviction, including, but not
    limited to, adverse rulings on pretrial suppression motion(s) or any other
    adverse disposition of pretrial motions or issues; or claims challenging the
    constitutionality of the statute of conviction; and

2.  The sentence imposed by the Court if it is consistent with or lower than
    the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.  Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By

entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to

collaterally challenge:

1.  His guilty plea, except as provided below, and any other aspect of his
    conviction, including, but not limited to, adverse rulings on pretrial

- 12 -



suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.      The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15.    <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

- 13 -

16.   Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this

Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by

the United States Attorney for the District of New Hampshire, or an Assistant United States

Attorney.

17.   Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.

                                        SCOTT W. MURRAY
                                        United States Attorney

Date:   12/4/19                  By:  _____
                                        Debra M. Walsh
                                        Assistant United States Attorney
                                        NY Bar Association #2369627
                                        53 Pleasant St., 4th Floor
                                        Concord, NH 03301
                                        deb.walsh@usdoj.gov

        The defendant, David Weekly, certifies that he has read this 14-page Plea Agreement and
that he fully understands and accepts its terms.

Date:   12/04/19                 _____
                                        David Weekly, Defendant

        I have read and explained this 14-page Plea Agreement to the defendant, and he has
advised me that he understands and accepts its terms.

Date:   12/04/19                 _____
                                        Theodore Lothstein, Esquire
                                        Attorney for David Weekly

- 14 -